COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Friedman and Raphael

DEL CADLE

v.     Record No. 1219-21-3

RUSSELL COUNTY DEPARTMENT
 OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
AUGUST 9, 2022

FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Michael L. Moore, Judge

(John E. Stanley, on brief), for appellant. Appellant submitting on brief.

(M. Katherine Patton; David R. Tiller, Guardian *ad litem* for the minor children; Campbell Chafin, P.C.; Tiller and Tiller, P.C., on brief), for appellee.


Del Cadle (father) appeals the circuit court's order terminating his residual parental rights to his children. Father argues that the circuit court erred in terminating his parental rights, notwithstanding his failure to obtain suitable housing for the children or successfully complete a home study through the Interstate Compact on Placement of Children (ICPC). We hold that the appeal is wholly without merit and affirm the judgment of the circuit court. [1]

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] After examining the briefs and record in this case, the panel unanimously agrees that because "the appeal is wholly without merit," oral argument is unnecessary. Therefore, we dispense with oral argument in accordance with Code § 17.1-403 (a) and Rule 5A:27(a).

BACKGROUND[2]

"On appeal from the termination of parental rights, this Court is required to review the evidence in the light most favorable to the party prevailing in the circuit court." *Yafi v. Stafford Dep't of Soc. Servs.*, 69 Va. App. 539, 550-51 (2018) (quoting *Thach v. Arlington Cnty. Dep't of Hum. Servs.*, 63 Va. App. 157, 168 (2014)).  Here, the Russell County Department of Social Services (the Department) was the prevailing party.

Father and Vicki Teel are the biological parents of two children, ages four and five.[3]  On July 20, 2018, the Department discovered the children, who were then ages one and two, alone at their home.  The Department also found that the children were using clothing as diapers, had soiled themselves, and had severe diaper rash.  The Department took emergency custody of the children and placed them into foster care.

Father moved to West Virginia soon after the children were placed into foster care.  The Department informed father that his relocation "would complicate the case" and require an ICPC home study in order for the children to be returned to him.  The Department requested a priority ICPC home study that was later denied due to father's "lack of cooperation."  Although the Department made efforts to help father obtain suitable housing in West Virginia, father did not have an approved home for the children.

---

[2] The record in this case was sealed.  Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised.  Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion.  Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case.  The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

[3] The circuit court found that, as of May 26, 2021, "more than two years had elapsed since mother had last visited with the children" and terminated her parental rights under Code § 16.1-283(C)(1) and (C)(2).

On December 16, 2019, the Department filed petitions in the Russell County Juvenile and Domestic Relations District Court (the JDR court) to terminate father's parental rights and approve the foster care goal of adoption. The JDR court granted the petitions, and father appealed to the circuit court. The circuit court heard father's appeal on May 26, 2021. At the hearing, father was unable to give a "valid reason" for his failure to obtain proper housing and admitted that he did not follow up with the ICPC worker assigned to complete the home study. The circuit court terminated father's parental rights under Code § 16.1-283(C)(2) upon finding that "father was not able to provide an approved suitable home to return the children to" and that termination was in the best interests of the children. This appeal followed.

ANALYSIS

Father argues that the circuit court erred in terminating his parental rights notwithstanding "the lack of suitable housing for [the] children and the lack of any approved ICPC home study." "On review, '[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" *Castillo v. Loudoun Cnty. Dep't of Fam. Servs.*, 68 Va. App. 547, 558 (2018) (quoting *Logan v. Fairfax Cnty. Dep't of Hum. Dev.*, 13 Va. App. 123, 128 (1991)). "Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." *Fauquier Cnty. Dep't of Soc. Servs. v. Ridgeway*, 59 Va. App. 185, 190 (2011) (quoting *Martin v. Pittsylvania Cnty. Dep't of Soc. Servs.*, 3 Va. App. 15, 20 (1986)).

Assuming without deciding that father preserved his arguments for appeal, we find that the circuit court did not err in terminating father's parental rights under Code § 16.1-283(C)(2), which states that a court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or
> unable within a reasonable period of time not to exceed 12 months

from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

"[S]ubsection C termination decisions hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes." *Yafi*, 69 Va. App. at 552 (quoting *Toms v. Hanover Dep't of Soc. Servs.*, 46 Va. App. 257, 271 (2005)).

Soon after the children entered foster care, father moved out-of-state, and the Department warned him that his move would "complicate the case" because he would be required to complete a home study through the ICPC. The Department further explained that the process could take "several months." Nevertheless, father remained in West Virginia and was "not able to get approval for any of his residences in West Virginia by the ICPC home study," despite the Department's efforts to assist him. The circuit court found that father did not have any "valid reason" to justify his failure to obtain proper housing. Rather, father admitted that he did not follow up with the ICPC worker.

At the time of the circuit court hearing, the children had been in foster care for approximately three years. Father still was not in a position to care for the children. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." *Tackett v. Arlington Cnty. Dep't of Hum. Servs.*, 62 Va. App. 296, 322 (2013) (quoting *Kaywood v. Halifax Cnty. Dep't of Soc. Servs.*, 10 Va. App. 535, 540 (1990)). Considering the totality of the record, the circuit court did not err in terminating father's parental rights under Code § 16.1-283(C)(2).

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

*Affirmed.*